**Leonzio RODRIQUEZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–81–0087–CR.**

Court of Appeals of Texas, Amarillo.

May 12, 1982.

David M. Hamilton, Amarillo, for appellant.

Danny Hill, Dist. Atty., Ken Johnson, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C. J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

Appellant was convicted by a jury of indecency with a child, § 21.11(a)(2) Tex. Penal Code Ann. (Vernon Supp. 1981),* and punishment was assessed at six years in the penitentiary. By two grounds of error, appellant challenges the admissibility of his confession and the sufficiency of the evidence. We affirm.

■ We will first resolve the second ground, which raises the evidentiary sufficiency question. *Hooker v. State*, 621 S.W.2d 597, 598 (Tex.Cr.App.1981). In doing so, we must review the evidence in the light most favorable to the verdict. *Allen v. State*, 478 S.W.2d 946, 947 (Tex.Cr.App. 1972).

The State's evidence revealed the following sequence of events. Appellant and his family had been evicted from their residence and were residing temporarily with the mother and stepfather of the victim. On the day of the events for which appellant was convicted, he was taking care of the children of both families. The victim's stepfather came home unexpectedly and discovered appellant and the victim, a seven year old girl, in a bedroom. Appellant was lying on his back on the bed with his pants around his knees. He was holding the girl over him. She was nude below the waist and appellant was attempting to force her legs apart. She was struggling and resisting but appellant forced her legs apart and pulled her down over him, just as the stepfather entered the room. The stepfather testified that appellant's penis was erect, he had "a big old smile on his face" and "appeared to be having a real good time until he saw me." The stepfather informed appellant, in rather forceful language, that he was in trouble, took all of the children out of the house and called the police.

Appellant was arrested at the scene within a few minutes and taken to the police station. After receiving the appropriate warnings and being interrogated for approximately an hour, appellant confessed in writing to the events in question. In the confession, which is the subject of appellant's second ground of error, appellant admits that the girl's stepfather "saw [the girl] on top of me when my penis was between her legs."

The elements of the indecency offense for which appellant was convicted, § 21.-11(a)(2), are as follows:

(1) A person

(2) exposes any part of his anus or genitals

(3) knowing a child is present

(4) who is not his spouse and younger than 17 years

(5) with intent to arouse or gratify the sexual desire of any person.

*Briceno v. State*, 580 S.W.2d 842, 843 (Tex. Cr.App.1979).

■ Appellant contends elements (2) and (5) were not proven beyond a reasonable doubt. We do not agree. Evidence from the stepfather that appellant's penis was visible and that he was holding the girl above him and pulling her down on top of him, is ample evidence that appellant exposed his genitals to the girl. The events are corroborated by appellant's confession, which we hold admissible, *infra*, where appellant states that his penis was between the girl's legs. The foregoing is sufficient evidence of the second element.

Evidence of appellant's intent to arouse or gratify his sexual desire is also provided by the stepfather's description of events. Appellant's erect penis and "big old smile" are analogous to the "contemporaneous laugh and certain smile" of the defendant in *Turner v. State*, 600 S.W.2d 927 (Tex.Cr. App.1980). Here, as in *Turner*, the only logical interpretation of the evidence is that

---

* All section references are to the Texas Penal Code.

**50**

appellant was engaged in a single minded attempt to arouse and gratify his sexual desires. *Id.* at 929. Thus, the evidence is also sufficient to establish the fifth element. Ground of error two is overruled.

By appellant's first ground of error, he challenges the admissibility of his confession. His argument is that it was not made knowingly and voluntarily, "not because of threats or coercion, but because of the disregard by law enforcement agencies of the obvious lack of formal education and understanding on the part of the Appellant." Attention is directed to evidence of appellant's poor reading skills, his status as a special education student and his failure to go beyond the ninth grade in school. Accepting the truth of that evidence does not, however, require suppression of the confession.

The trial court conducted the evidentiary hearing required by the Texas Code of Criminal Procedure, Tex. Code Cr.Pro.Ann. art. 38.22 § 6 (Vernon 1979), made oral and written findings supporting the admissibility of the confession and submitted the issue to the jury in the charge of the court. The trial court heard evidence that appellant, after being given the proper warnings, was willing from the outset of the interrogation to make a full confession. He discussed the matter with the interrogating officer, who took notes and typed the confession from those notes, which is an acceptable method of preparing a confession. *See Knight v. State,* 538 S.W.2d 101, 106 (Tex.Cr.App. 1976); *Mosley v. State,* 494 S.W.2d 557, 558 (Tex.Cr.App.1973). The confession was read by and to appellant and he signed it after the officer changed several words that appellant did not understand. We note that the changes involved the elimination of clinical descriptions of a portion of the anatomy understood by appellant in the vernacular of the street and the substitution of lay terms · for legal terms. The officer testified that appellant appeared to fully understand the confession as corrected.

There is specific and consistent testimony throughout the record indicating that appellant knew and understood what he was doing when he confessed to the crime and that he did so voluntarily. Balanced against that specific evidence is appellant's general evidence that he may be of subnormal intelligence and poorly educated. The latter factors do not, standing alone, render the confession inadmissible. *White v. State,* 591 S.W.2d 851, 859–63 (Tex.Cr.App. 1980); *Casias v. State,* 452 S.W.2d 483, 488 ·(Tex.Cr.App.1970). The State's witness testified to the elements necessary to establish the admissibility of the confession and the judge and jury chose to believe that evidence, as they were free to do. *Chivers v. State,* 481 S.W.2d 125, 127 (Tex.Cr.App. 1972). On the record before us, we cannot disturb their findings. Ground of error one is overruled.

The judgment is affirmed.