David Wayne CLAYCOMB, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–98–00110–CR.

Court of Appeals of Texas,
Texarkana.

Submitted March 15, 1999.
Decided March 16, 1999.

Discretionary Review Refused
June 9, 1999.

Randy Taylor, Dallas, for appellant.

Sue Korioth, Asst. Dist. Atty., Wendy T. Koster, Dallas County DA Office, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

### OPINION

Opinion by Justice GRANT.

David Wayne Claycomb appeals his conviction for the offense of indecency with a child. Claycomb waived his right to trial by a jury and entered a plea of not guilty. The trial court found Claycomb guilty and sentenced him to ten years in the Institutional Division of the Texas Department of Criminal Justice, probated for ten years, with sixty days' confinement as a condition of probation.

Claycomb contends the evidence is legally insufficient to sustain his conviction because the State failed to show he exposed his genitals to the complainant, and because the State failed to show he exposed his genitals with the intent to arouse and gratify his sexual desire. Claycomb also challenges the factual sufficiency of the evidence to sustain his conviction.

Jimmie Allen and her daughter, Lola Allen, testified that as they were leaving the Richardson Square Mall, they saw a man sitting on a bench exposing his penis. Independently, both Lola and Jimmie later picked David Claycomb out of a photo lineup as the man who exposed himself to them. Claycomb testified that his genitals were not exposed, and he was scratching himself because he was suffering from jock itch.

When reviewing the legal sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1] Implicit within this standard of review is the requirement that the fact finder be given authority to reasonably infer facts from the evidence before it, credit the witnesses it cares to, believe any or all of the testimony proffered, and weigh the evidence in the manner it chooses.[2] The appellate court must not disregard, realign, or weigh the evidence.[3]

First, Claycomb contends the evidence is legally insufficient to show he exposed his genitals to the complainant. A person commits indecency with a child when the person exposes the anus or any part of the genitals to the child.[4] In the indictment,[5]

---

**1.** *Teer v. State,* 923 S.W.2d 11, 17 (Tex.Crim.App. 1996).

**2.** *Strain v. State,* 934 S.W.2d 424, 425 (Tex.App.-Amarillo 1996, no pet.) (citing *Depauw v. State,* 658 S.W.2d 628, 633–34 (Tex.App.-Amarillo 1983, pet. ref'd)); *see also Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988); *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App. 1984).

**3.** *Moreno,* 755 S.W.2d at 867.

**4.** Tex. Pen.Code Ann. § 21.11(a)(2) (Vernon 1994).

**5.** The indictment stated in pertinent part that Claycomb "unlawfully then and there knowingly and intentionally expose[d] his genitals to Lola Allen, hereinafter called complainant, a child younger than 17 years and not then and there the spouse of the defendant, knowing that the complainant was present, with the intent to arouse and gratify the sexual desire of the defendant...."

the State alleged Claycomb exposed *his genitals* to Lola. Claycomb contends his conviction cannot stand because "the genitals" include both the penis and the scrotum and the State only produced evidence that Claycomb exposed his penis to Lola. Therefore, Claycomb contends that because the State did not prove what it alleged in the indictment and the evidence is legally insufficient to support the jury's verdict. The State contends case law does not compel such a result, and the evidence showing Claycomb exposed his penis to Lola was legally sufficient to support the allegation that he exposed his genitals to her as alleged in the indictment.

Section 21.11 of the Texas Penal Code states a person commits the offense of indecency with a child if, with a child younger than seventeen years and not his spouse, whether the child is of the same or opposite sex, he exposes his anus or *any part of his genitals*, knowing the child is present, with the intent to arouse or gratify the sexual desire of any person.[6] In *Lujan v. State*,[7] a case involving a conviction for indecency with a child involving sexual contact, the court held because the State had particularly alleged "the vagina" in the indictment, to satisfy the burden undertaken the State was required to prove a touching of the vagina.[8] In *Tyler v. State*,[9] another case involving a conviction for indecency with a child involving sexual contact, the Fort Worth Court of Appeals held because the indictment and statute refer generically to genitals,[10] the child's testimony that she felt the appellant's fingers "on her vagina where she 'wee-wee's'" was

sufficient to uphold the appellant's conviction.[11] The court did note, however, that if the indictment had pleaded the act more specifically, or the statute required penetration of the vagina, then the incorrect terminology could well have resulted in the State's inability to prove the elements of the offense actually alleged.[12] In *Guia v. State*,[13] the complaining witness testified that appellant touched her in her "private place," where she "went to the bathroom," and where she "tee-teed." The court held such testimony amply communicated to the jury that appellant touched "the genitals" of the child as alleged.[14] In *Rodriquez v. State*,[15] the court held that because the appellant's penis was visible, there was ample evidence that appellant had exposed "his genitals" to the girl.[16] In *Clark v. State*,[17] the appellant alleged that in a female, the "genitals" included only the vagina and no other part of the genital area.[18] The Court of Criminal Appeals rejected this contention and held the evidence sufficient to sustain the appellant's conviction for indecency with a child when the State offered evidence that the appellant had touched the victim's urinary opening.[19] In *Deason v. State*,[20] the indictment upon which the appellant was charged read as follows: "[Deason] did then and there unlawfully with the intent to arouse the sexual desire of the defendant have sexual contact by touching the genitals of the victim."[21] The Court of Criminal Appeals held the evidence that the appellant had touched the victim's external genitalia was legally sufficient to prove the appellant touched the vic-

6. Tex. Pen.Code Ann. § 21.11(a)(2) (Emphasis added).

7. 626 S.W.2d 854 (Tex.App.-San Antonio 1981, pet. ref'd).

8. *Id.* at 858.

9. 950 S.W.2d 787 (Tex.App.-Fort Worth 1997, no pet.).

10. *Id.* at 789.

11. *Id.* at 788–89.

12. *Id.* at 789.

13. 723 S.W.2d 763 (Tex.App.-Dallas 1986, pet. ref'd).

14. *Id.* at 766.

15. 634 S.W.2d 48 (Tex.App.-Amarillo 1982, no pet.).

16. *Id.* at 49.

17. 558 S.W.2d 887 (Tex.Crim.App.1977).

18. *Id.* at 889.

19. *Id.*

20. 786 S.W.2d 711 (Tex.Crim.App.1990).

21. *Id.* at 712.

tim's genitals. While most of the cases described above involve indecency with a child involving sexual contact and females, the requirements for the offense of indecency with a child are the same whether the case involves sexual contact or exposure. The sexual contact or exposure must involve the anus or the genitals.[22]

▮ Words not specifically defined by the Legislature are to be understood as ordinary usage allows, and jurors may thus freely read statutory language to have any meaning which is acceptable in common parlance.[23] In the instant case, had the State alleged a specific body part, i.e., the penis, the testicles, or the scrotum, it would have been required to offer proof regarding that specific body part, but the State did not allege a specific body part. Further, as illustrated in the preceding analysis, when nothing more specific is alleged, Texas courts have treated a specific area of the genitals synonymously with the genitals as a whole and sufficient to uphold a conviction. The language used in the indictment tracked the language in the statute. Usually an indictment that tracks the language of the statute is legally sufficient.[24] For these reasons, we find Claycomb's contention is without merit. Viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found that Claycomb exposed his genitals to Lola Allen by exposing his penis, which is all the statute requires.[25] This point of error is overruled.

▮ Claycomb next contends the evidence is legally insufficient to sustain his conviction because the State failed to present evidence that he exposed his genitals to Lola Allen with the intent to arouse and gratify his sexual desire. The State contends Clay-

comb's eye contact with Lola and her mother and his erect penis are sufficient to show he had the requisite intent. The State also contends the act of sitting in a public place with his erect penis protruding from his shorts proved he had the requisite intent.

▮ An essential element of the offense of indecency with a child is the mental state that accompanies the forbidden conduct: the specific intent to arouse or gratify the sexual desire of any person.[26] In a prosecution pursuant to Section 21.11(a)(2), the requisite specific intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's conduct, his remarks, and all surrounding circumstances.[27] An overt act characterized as an attention-getting device is evidentiary and is not an element of the offense of indecency with a child.[28]

Claycomb was sitting on a bench in the middle of a walkway between an arcade store and the cinema. He was facing the side of the walkway on which Jimmie and her daughter, Lola, were walking to exit the mall. He was sitting in a spot that was clearly observable by the passersby. Jimmie testified when she first saw him, he was looking at them. Jimmie testified that what made her notice him was that he was looking at them and his arm was moving. She testified that as they were walking toward him, he looked down at himself and then back up at them, and then back down, and as they got close enough to pass by him, he looked back up at them again. Jimmie testified his shorts were pulled up to his testicles and his penis was erect. She testified his hand was moving over his penis, but she did not know if he was masturbating. When asked why she thought his penis was erect, she testified, "As far as I've ever seen erect, it was. I mean, it was pretty long. It was—if it

---

22. *See* Tex. Pen.Code Ann. § 21.11(a)(2).

23. *Vernon v. State,* 841 S.W.2d 407, 409 (Tex. Crim.App.1992).

24. *Bynum v. State,* 767 S.W.2d 769, 778 (Tex. Crim.App.1989).

25. *Teer v. State,* 923 S.W.2d at 17.

26. *McKenzie v. State,* 617 S.W.2d 211, 213 (Tex. Crim.App. [Panel Op.] 1981) (citing *Clark v.*

*State,* 558 S.W.2d 887, 891 (Tex.Crim.App.1977); *Victory v. State,* 547 S.W.2d 1 (Tex.Crim.App. 1976)).

27. *McKenzie,* 617 S.W.2d at 216; *see also Robertson v. State,* 871 S.W.2d 701, 705 (Tex.Crim.App. 1993).

28. *See Turner v. State,* 600 S.W.2d 927, 930 (Tex. Crim.App. [Panel Op.] 1980); *Ercanbrack v. State,* 646 S.W.2d 480, 481–82 (Tex.App.-Houston [1st Dist.] 1982, no pet.).

wasn't, then I don't know. It had to be." Jimmie testified that in her opinion Claycomb never made any effort to cover himself.

After they walked by Claycomb, Jimmie testified Lola said, "Mom, did you see that?" They went into the cinema looking for a security guard because they had seen a security car parked out front, but later left when an employee of the cinema told them the guard was outside. They went outside but could not find the guard, so they decided to leave. About that time, Claycomb walked out and got into a car about four cars away from their car. They got behind Claycomb and followed him. Jimmie testified Claycomb was heading toward Sears and then "he took off real fast" across Plano Road. They followed him for a while, and he drove up to speeds of fifty miles per hour on the city streets.

Lola testified that Claycomb made eye contact with both her and her mother and that he proceeded to follow them with his eyes. She testified he caught her attention because he was staring at her, so "she had to look." Lola testified that his shorts on his left leg were raised up and everything in his genital area was hanging out of his shorts, except for his testicles. She testified she could see all of his penis. Lola did not know if he was moving his hands but did testify that they were "in that area." She could not tell if his penis was erect or excited, and testified she did not have very much experience in "making that kind of call."

In a voluntary written statement, Claycomb stated he had gotten some medication for his jock itch and that all of his underwear were loose and stretched out. He stated that as the two women walked by, he quickly covered himself. Claycomb testified he could not remember whether he had any medication at his apartment when Officer Rick Helfers came by to investigate, but he admitted not showing the officer any. Officer Helfers testified he asked Claycomb for medication or medical records showing Claycomb was being treated for jock itch, but Claycomb could not produce either. Claycomb testified

other people had walked by him while he was sitting on the bench, which indicates Claycomb knew his actions could be observed by passersby. The evidence shows Claycomb was in a public place, close to an exit where people frequently walk by, with his penis exposed, he made eye contact with Lola and followed her with his eyes, his penis was erect, he made no effort to cover himself, and his hands were in his lap.

In *Barker v. State*,[29] the court found the evidence legally sufficient to sustain the appellant's conviction for indecency with a child on facts less compelling than those in the instant case. In *Barker*, the child testified the appellant had parked his pickup truck in front of her elementary school. As she and her friend were leaving, she walked by the truck and saw the appellant with his jeans pulled down and his private parts exposed. She testified appellant's penis appeared to be pulled out. She picked the appellant out of a photographic lineup.[30] In *Barker*, there was no testimony that appellant's penis was erect, nor was there any testimony that he called out to the girls or was watching them. Here, the jury believed the State's witnesses and disbelieved Claycomb's testimony. Viewing the evidence in the light most favorable to the verdict, the evidence was legally sufficient to support the jury's finding that Claycomb had the intent and desire to arouse and gratify his sexual desire. This point of error is overruled.

■ Last, Claycomb contends the evidence was factually insufficient to sustain his conviction. Claycomb argues this Court should consider the alternate hypothesis that Lola could have imagined she was seeing his penis when what she saw was, in fact, his hand and his fingers. Claycomb's argument is inapplicable to the present case because the alternate reasonable hypothesis construct applies to cases involving circumstantial evidence, and that is not the case here. Second, the construct was abolished in *Geesa v. State*.[31]

■ When reviewing the factual sufficiency of the evidence, the appellate court

**29.** 931 S.W.2d 344, 347 (Tex.App.-Fort Worth 1996, no pet.).

**30.** *Id.*

**31.** 820 S.W.2d 154, 161 (Tex.Crim.App.1991).

must review all of the evidence, but not in the light most favorable to the prosecution. It must set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust.[32] In conducting a factual sufficiency review of the evidence, due deference must be given the jury's assessment of the witnesses' credibility and their resolution of any conflicts in the evidence.[33]

Claycomb testified he was scratching himself because he was trying to relieve the itching. He further testified he had pulled his shorts to the side so he could scratch, but his genitals were not exposed. As the Allens were walking by, he stopped scratching and pulled his shorts down a bit. Claycomb testified the Allens must have seen his hands and his fingers, not his penis. He denied that his penis was erect or that he was masturbating. He testified his underwear and shorts would have held him in, and that he did not do anything directed toward the Allens or anyone else. We must give due deference to the jury's verdict, and upon considering all of the evidence, the evidence was factually sufficient to support the jury's verdict and was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. This point of error is overruled.

The judgment is affirmed.

---

**32.** *Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim.App.1996).

**33.** *Jones v. State,* 944 S.W.2d 642, 648 (Tex.Crim. App.1996); *Clewis,* 922 S.W.2d at 135.