Opinion issued October 7, 2004




 

            











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00280-CR
____________
 
JASON F. TARR, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the County Court at Law
Walker County, Texas
Trial Court Cause No. 02-368
 



MEMORANDUM OPINION

          A jury found appellant, Jason F. Tarr, guilty of the offense of disorderly
conduct


 and assessed punishment at a fine of $350. In two points of error, appellant
contends that the trial court erred in denying appellant’s motion for new trial and that
the evidence was legally and factually insufficient to sustain his conviction.
          We affirm.
Factual Background
          Huntsville Police Officer D. Warner testified that, while he was on patrol during
the early morning hours of July 20, 2001, he saw appellant standing in a public
parking lot outside of a bar on Sam Houston Avenue in Huntsville. Appellant’s legs
were “somewhat spread” and he was facing away from the road. Although appellant
was not facing Warner, and he could not see appellant’s hands, Warner saw
appellant’s “elbows and arms hanging down in front” of appellant and “what appeared
to be a stream of urine coming from in front of [appellant].”
          Warner then drove into the parking lot to investigate the situation. Upon his
arrival, Warner saw appellant “zipping up” and “buttoning” his pants. Warner then
got out of his marked patrol car, walked toward appellant, and identified himself as
a police officer. Warner saw a puddle of liquid on the ground which, based on his
experience, “smelled like urine.” Warner testified that appellant was not holding a cup
or any other container which could have been a potential source of the liquid on the
ground. Warner admitted that he did not see appellant’s genitals; however, he
believed that the circumstantial evidence indicated that appellant’s genitals had been
exposed when he was urinating. Based on what he observed, Warner issued appellant
a citation for disorderly conduct.
          Appellant testified that, after leaving the bar, he was in the process of changing
his shirt in the parking lot because a drink had been spilled on him inside the bar. 
Appellant stated that he was tucking in his shirt and closing his pants just as Officer
Warner arrived. Appellant also testified that Emily Drummel, his date that evening,
had accompanied him to the parking lot as he changed his shirt. Appellant stated that,
prior to Warner’s arrival, Drummel had urinated on the ground in the same area where
appellant was standing. Appellant testified that Drummel was the source of the urine
that Warner had observed on the ground. However, appellant did not mention this to
Warner at any time prior to or after receiving the citation, and he explained that he did
not do so because he “didn’t want [Drummel] to get in trouble.”
          Two of appellant’s friends, Eric Delacruz and Christine Valentine, testified that
they were within appellant’s immediate vicinity when the incident occurred. Delacruz
testified that Drummel was the source of the urine that Warner had seen on the ground,
not appellant. Delacruz also stated that appellant had recently changed his shirt and
was in the process of zipping up his pants when Warner arrived. Valentine testified
that she too saw appellant changing his shirt and zipping up his pants upon Warner’s
arrival. Valentine did not know the source of the urine on the ground.
Sufficiency of the Evidence
          In his second point of error, appellant argues that the evidence was legally and
factually insufficient to support the jury’s verdict because “the legislature clearly
intended that the [entire] genitals, and not just part of the genitals, be exposed in the
instant case in order for the conviction to stand” and that “the record is devoid of
evidence that any part of the Appellant’s genitals were [sic] exposed within the
contemplation of the statute.”
          In reviewing the evidence on legal sufficiency grounds, we view the evidence
in the light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. 
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In reviewing the evidence
on factual sufficiency grounds, all of the evidence as a whole must be reviewed
neutrally, not in the light most favorable to the prosecution. Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000). A factual sufficiency review asks whether a
neutral review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination, or whether the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof. Id. at 11.
          A person commits the offense of disorderly conduct if he intentionally or
knowingly “exposes his anus or genitals in a public place and is reckless about
whether another may be present who will be offended or alarmed” by this conduct. 
Tex. Pen. Code Ann. § 42.01(a)(10) (Vernon Supp. 2004-2005). Because there is no
statutory definition of “expose,” we give the word its ordinary meaning: “to lay open
to view.” McGee v. State, 804 S.W.2d 546, 547 (Tex. App.—Houston [1st Dist.]
1991, no pet.). Here, the State was only required to prove that appellant’s genitals
were “open to view,” not that a person actually saw his genitals. See Wilson v. State,
9 S.W.3d 852, 856 (Tex. App.—Austin 2000, no pet.).
          Appellant’s legal sufficiency argument is based on a false premise. Section
42.10(a)(10) does not expressly require that a person must expose his or her genitals,
in their entirety, to commit an offense. Tex. Pen. Code Ann. § 42.01(a)(10). In
construing the word “genitals,” “Texas courts have treated a specific area of the
genitals synonymously with the genitals as a whole.” Claycomb v. State, 988 S.W.2d
922, 925 (Tex. App.—Texarkana 1999, pet. ref’d) (holding evidence legally sufficient
where indictment alleged that defendant “exposed his genitals” and State proved that
defendant exposed his penis). Here, Officer Warner testified that he saw appellant
urinating in a public parking lot and that, from this, he concluded that appellant had,
therefore, knowingly exposed himself in a public place. It is reasonable for the jury
to have concluded that, for appellant to have been zipping up his pants after urinating
in a public parking lot—creating a stream of urine between his legs, as Officer Warner
testified that he observed—at least some portion of appellant’s genitals would have
been “open to view.” The testimony was undisputed that the parking lot was an open,
public place, was located next to a major thoroughfare, and that various other persons
were present or walking to their vehicles as they left the adjacent bar. At trial, there
was no evidence contradicting Officer Warner’s testimony concerning appellant’s
recklessness with regard to whether any persons were present who would have seen
and would have been offended or alarmed by his conduct. Accordingly, we hold that
the evidence was legally sufficient to prove the essential elements of disorderly
conduct beyond a reasonable doubt.
          As noted above, appellant did not contest the issue of his alleged recklessness
with regard to whether any persons were present who would have been offended or
alarmed by his conduct. Rather, in his defense, he asserted that he had not urinated
and that his date, Drummel, had been the source of the urine in the parking lot. In
support of his argument that the evidence was factually insufficient to support the
jury’s verdict, appellant relies on his own testimony, as well as that of Delacruz and
Valentine. Appellant testifed that his date, Drummel, created the puddle of urine
observed by Warner and that, at the time that Warner arrived at the parking lot,
appellant was merely changing his shirt. Delacruz testified that Drummel had urinated
on the ground and that appellant was merely closing his pants after having changed
his shirt. Valentine also testified that appellant was closing his pants after having
changed his shirt.
          Under both a legal and a factual sufficiency review, we may not substitute our
own judgment for that of the fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex.
Crim. App. 1996). A jury’s resolution of conflicting testimony and evidence against
a party does not make the jury’s finding “clearly wrong and unjust.” Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986). As the fact finder, the jury was entitled to judge the
credibility of the witnesses and to determine what weight to give to their testimony. 
See id. Here, the jury apparently chose to believe the testimony of Officer Warner, and
not that of appellant and the defense witnesses, concerning whether appellant had
urinated in the parking lot. Based on the record presented, and viewing all of the
evidence neutrally, we hold that the proof of guilt was not so obviously weak as to
undermine confidence in the jury’s determination and that the proof of guilt, although
adequate if taken alone, was not greatly outweighed by contrary proof. Johnson, 23
S.W.3d at 11.
          We overrule appellant’s second point of error.Motion for New Trial
          In his first point of error, appellant argues that the trial court erred in denying
his motion for new trial because the evidence was insufficient to support the jury’s
verdict. Having held that the evidence was legally and factually sufficient to support
the jury’s verdict, we further hold that the trial court did not err in denying appellant’s
motion for new trial on this ground. See McCall v. State, 113 S.W.2d 479, 480 (Tex.
App.—Houston [1st Dist.] 2003, no pet.) (“We apply the same standard of review to
a trial court’s denial of a motion for new trial brought on the basis of insufficient
evidence as we do to appellate review of challenges to the legal sufficiency of the
evidence.”).
          We overrule appellant’s first point of error.Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Taft, Jennings, and Bland.
 
Do not publish. See Tex. R. App. P. 47.2(b).