IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00360-CR

 

In re
Gregory Mitchell Sarkissian

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 








            Gregory Mitchell Sarkissian seeks a
writ of mandamus compelling Respondent, the Honorable J. D. Langley, Judge of
the 85th District Court of Brazos County, to rule on his motion for judgment
nunc pro tunc, in which Sarkissian requests pre-sentence jail time credit.  The
State responds that Sarkissian is not entitled to the relief requested because:
(1) he has presented no evidence that Respondent had actual knowledge of his
motion; and (2) he is not entitled to the pre-sentence jail time credit which
he seeks.  We will deny Sarkissian’s petition.

            A jury convicted Sarkissian of
burglary of a habitation in March 1994 and assessed his punishment at eighty
years’ imprisonment.  The Fourteenth Court of Appeals affirmed the conviction
in August 1995.  See Sarkissian v. State, No. 14-94-00395-CR, 1995 WL
490962 (Tex. App.—Houston [14th Dist.] Aug. 17, 1995, no pet.) (not designated
for publication).  Sarkissian later filed a motion for judgment nunc pro tunc
in which he contends that he is entitled to additional pre-sentence jail time
credit.  Respondent has not ruled on this motion.

            Mandamus may issue to compel a trial
court to rule on a motion which has been pending before the court for a
reasonable period of time.  See In re Hearn, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); In re Keeter, 134 S.W.3d 250, 252-53
(Tex. App.—Waco 2003, orig. proceeding); In re Chavez, 62 S.W.3d 225,
228 (Tex. App.—Amarillo 2001, orig. proceeding); Barnes v. State, 832
S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); see
also In re Shredder Co., 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig.
proceeding).  To obtain mandamus relief for such refusal, a relator must
establish: (1) the motion was properly filed and has been pending for a
reasonable time; (2) the relator requested a ruling on the motion; and (3) the
trial court refused to rule.  See Hearn, 137 S.W.3d at 685; Keeter,
134 S.W.3d at 252; Chavez, 62 S.W.3d at 228; Barnes, 832 S.W.2d at
426; see also Shredder Co., 225 S.W.3d at 679.  The mere filing of a
motion with a trial court clerk does not equate to a request that the trial
court rule on the motion.  See Hearn, 137 S.W.3d at 685; Chavez,
62 S.W.3d at 228; Barnes, 832 S.W.2d at 426; cf. Shredder Co.,
225 S.W.3d at 680 (“Relator has made repeated requests for a ruling on its
motion.”).

            Here, there is nothing in the limited
record before this Court to establish that Sarkissian has ever requested a
ruling on his motion for judgment nunc pro tunc or otherwise called that motion
to Respondent’s attention.  Therefore, we deny Sarkissian’s petition for
mandamus relief.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief Justice Gray concurs in the result with the
following note: “For the reasons expressed in my dissent to the request for a
response dated January 9, 2008, I concur in the denial of Sarkissian’s petition
for writ of mandamus only without a separate opinion.”)

Petition denied

Opinion delivered and
filed February 6, 2008

[OT06]

 






:"Palatino","serif"'>[2]
to those provided by section 6.03 of the Penal Code.  See Tex. Pen. Code Ann. § 6.03(a), (b)
(Vernon 2003).  The definitions in the abstract portion of the charge read as
follows:

A person acts intentionally, or with
intent, with respect to the nature of his conduct or to a result of his conduct
when it is his conscious objective or desire to engage in the conduct or cause
the result. 

 

A person acts knowingly, or with
knowledge, with respect to the nature of his conduct when he is aware of the
nature of his conduct.  A person acts knowingly, or with knowledge, with
respect to a result of his conduct when he is aware that his conduct is
reasonably certain to cause the result.

 

Id.

            The application paragraph
for the indecency charge, consistent with the indictment, instructed the jurors
in pertinent part that they must find Garcia guilty if they found beyond a
reasonable doubt that he did, “with the intent to arouse or gratify the sexual
desire of the Defendant, intentionally or knowingly engage in sexual contact
with [complainant] by touching the breast of [complainant].”

Abstract Definitions

            The first part of Garcia’s
complaint is that the abstract definitions quoted above are erroneously broad
because they do not limit the mens rea definitions to “intent” and “nature of
the conduct.”  Garcia’s complaint is based on the fact that he was convicted of
indecency with a child.  However, he fails to consider that the charge also
included definitions and instructions regarding the allegation of aggravated
sexual assault of which the jury acquitted him.

            To obtain a conviction for
aggravated sexual assault as alleged, the State had to prove that Garcia
intentionally or knowingly caused the child complainant’s sexual organ to
contact or be penetrated by his own sexual organ.  Id. § 22.021(a)(1)(B)(i), (iii) (Vernon Supp. 2009).

            Conversely, to obtain a
conviction for indecency with a child by contact, the State had to prove that Garcia
engaged in the contact “with the intent to arouse or gratify the sexual desire
of any person.”  Id. § 21.11(a)(1), (c) (Vernon Supp. 2009). 
This is the only mens rea required to prove indecency by contact.  See
McKenzie v. State, 617 S.W.2d 211, 213 (Tex. Crim. App. [Panel Op.] 1981); Claycomb
v. State, 988 S.W.2d 922, 925
(Tex. App.—Texarkana 1999,
pet. ref’d); Washington v. State, 930 S.W.2d 695, 698 (Tex. App.—El Paso
1996, no pet.).

            Garcia contends that,
because indecency is a nature-of-conduct offense rather than a result-oriented
offense and because indecency must be committed with the requisite intent
rather than knowingly, the abstract definitions should have been limited to
“intent” and “nature of the conduct.”  See Whitfield v. State, No.
01-96-00908-CR, 2001 WL 40654, at *1 (Tex. App.—Houston [1st Dist.] Jan. 18, 2001,
pet. ref’d) (not designated for publication); Rodriguez v. State, 24
S.W.3d 499, 502 (Tex.
App.—Corpus Christi 2000,
pet. ref’d); see also Hughes v. State, 897 S.W.2d 285, 296 (Tex. Crim.
App. 1994) (court erred by failing to limit abstract definitions of culpable
mental states in charge to requisite culpable mental state(s) of offense
alleged); Battaglia v. State, No. 05-06-00798-CR, 2007 WL 4098905, at *2 (Tex. App.—Dallas Nov. 19, 2007, no
pet.).

            However, the mens rea
required to prove aggravated sexual assault is that the defendant acted either
intentionally or knowingly.  See Tex.
Pen. Code Ann. § 22.021(a)(1)(B).  Aggravated sexual assault is a
conduct-oriented offense which means that the focus of the offense is on
whether the defendant acted intentionally or knowingly with respect to the
nature of his conduct rather than the result of his conduct.  See Gonzales
v. State, No. PD-0337-09, 2010  WL 625056, at *7 (Tex. Crim. App. Feb. 24, 2010)
(citing Vick v. State, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999)).  Thus,
Garcia’s complaint has some merit.

            The court properly included
abstract definitions in the charge for both “intentional” and “knowing”
conduct.  However, the court erred by failing to limit these definitions to the
nature of the defendant’s conduct rather than the result of his conduct.  See
Hughes, 897 S.W.2d at 296; Battaglia, 2007 WL 4098905, at *2; Whitfield,
2001 WL 40654, at *1; Rodriguez, 24 S.W.3d at 502.  Because Garcia failed
to object, reversal is required only for egregious harm.  Trejo v. State,
280 S.W.3d 258, 261 (Tex. Crim. App. 2009); Battaglia, 2007 WL 4098905,
at *1; Whitfield, 2001 WL 40654, at *2; Rodriguez, 24 S.W.3d at
503.

            Citing Plata v. State,
the State characterizes each of these abstract definitions as a superfluous
instruction which “never produces reversible error in the court’s charge
because it has no effect on the jury’s ability fairly and accurately to
implement the commands of the application paragraph.”  926 S.W.2d 300, 302-03
(Tex. Crim. App. 1996), overruled on other grounds by Malik v. State,
953 S.W.2d 234, 239 (Tex. Crim. App. 1997).  However, the Court in Plata
also observed, “Reversible error only occurs in the giving of an abstract
instruction when the instruction is an incorrect or misleading statement of a
law which the jury must understand in order to implement the commands of the
application paragraph.”  Id. at 302.  Here, Garcia’s complaint
potentially fits within the category of “reversible error” identified in Plata
because the challenged definitions were incorrect with regard to the culpable
mental state which the jury must find in order to convict him of indecency by
contact.  And this error is magnified to the extent that the application
paragraph itself misstates the requisite culpable mental state.

            Thus, we will examine the
record for egregious harm under the standard first enunciated in Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).  See
Dougherty v. State, No. PD-1411-05, 2006 WL 475802, at *1 (Tex. Crim. App. Mar.
1, 2006) (per curiam) (not designated for publication).

            “[T]he actual degree of harm
must be assayed in light of the entire jury charge, the state of the evidence,
including the contested issues and weight of probative evidence, the argument
of counsel and any other relevant information [revealed] by the record of the
trial as a whole.”  Trejo, 280 S.W.3d at 261 (quoting Almanza,
686 S.W.2d at 171).

Application Paragraph

            Because we must consider
“the entire jury charge,” we now address the second part of Garcia’s complaint,
namely, that the application paragraph erroneously instructed the jury to
convict upon finding that he, with intent to gratify his own sexual desire,
intentionally or knowingly engaged in sexual contact with the child by touching
her breast.

            As discussed above, the sole
mens rea required to prove indecency by contact is acting with the intent to
gratify a person’s sexual desire.  See McKenzie, 617 S.W.2d at 213; Claycomb,
988 S.W.2d at 925; Washington, 930 S.W.2d at 698.  The application
paragraph also required a finding that Garcia intentionally or knowingly
engaged in the sexual contact.  The State suggests that this did not harm
Garcia because it only served to increase the State’s burden at trial.  See
Caballero v. State, 927 S.W.2d 128, 131 (Tex. App.—El Paso 1996, pet.
ref’d).  But it also may have caused confusion among the jurors or led them to
believe that Garcia could be convicted on a finding of knowing conduct.  See
Bazanes v. State, No. 02-08-00358-CR, 2010 WL 598724, at *3 (Tex. App.—Fort
Worth Feb. 18, 2010, no pet.); Cavazos v. State, No. 13-04-00075-CR,
2005 WL 2008417, at *2 (Tex.
App.—Corpus Christi Aug. 22, 2005, no pet.) (not designated for publication); Whitfield, 2001 WL 40654, at *1;
see also Sakil v. State, 287 S.W.3d 23, 26 (Tex. Crim. App. 2009) (“The
function of a jury charge is not ‘merely to avoid misleading or confusing the
jury,’ but ‘to lead and to prevent confusion.’”) (quoting Hutch v. State,
922 S.W.2d 166, 170 (Tex. Crim. App. 1996)).

            Thus, the charge is
erroneous not only because it failed to limit the abstract definitions
concerning intent and knowledge to the nature of the defendant’s conduct but
also because it failed to limit the application paragraph to the sole requisite
mens rea for indecency by contact, namely, acting with intent to gratify the
sexual desire of any person.  Bazanes, 2010 WL 598724, at *3; Cavazos,
2005 WL 2008417, at *2; Avery v. State, No. 05-02-00735-CR, 2004 WL 78042,
at *1 (Tex. App.—Dallas Jan.
20, 2004, pet. ref’d) (not designated for publication); Whitfield, 2001 WL 40654, at *1;
Rodriguez, 24 S.W.3d at 502.

Egregious Harm

            We have identified two
errors in the charge concerning the applicable mens rea.  Conversely, the
charge correctly instructed the jury on the substantive law for the offense of
indecency with a child thus informing the jury of what the State had to prove. 
See Bazanes, 2010 WL 598724, at *3; Cavazos, 2005 WL 2008417, at
*3.  Within the context of the charge as a whole, the errors identified appear
less harmful.  See Bazanes, 2010 WL 598724, at *3.

            The only contested issue at
trial was the credibility of the complainant.  Garcia denied that the incident
occurred.  He tried to explain away DNA evidence supporting the complainant’s
testimony.  His intent was not at issue.  The State presented sufficient
evidence from which his intent could be inferred.  Id., at *4; Avery, 2004 WL 78042, at *2; Whitfield,
2001 WL 40654, at *2; Rodriguez, 24 S.W.3d at 503.

            The parties did not address
Garcia’s intent during closing argument, so the erroneous instructions were not
highlighted or relied on by the State to obtain a conviction.  See Bazanes,
2010 WL 598724, at *4.

            To summarize,
notwithstanding the erroneous instructions the charge correctly instructed the
jury on the substantive law for the offense of indecency with a child. 
Evidence was not offered to suggest that Garcia acted without the requisite
intent other than his evidence that he did not commit the offense, and the
evidence supports a finding that he acted with the requisite intent.  The
parties did not address Garcia’s intent in closing argument.

            Accordingly, we hold that Garcia
did not suffer egregious harm from the errors in the court’s charge.  See Bazanes,
2010 WL 598724, at *3-5; Avery, 2004 WL 78042, at *2; Whitfield,
2001 WL 40654, at *2; Rodriguez, 24 S.W.3d at 503.

We overrule Garcia’s sole issue and
affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief Justice Gray concurs with the
Court’s judgment to the extent that it affirms the trial court’s judgment.  He
does not join the opinion.  A separate opinion will not issue.)

Affirmed

Opinion
delivered and filed March 31, 2010

Do not publish

[CR25]

 

 









[1]
              The jury acquitted
Garcia of aggravated sexual assault.





[2]
              The court did not
include the portions of the statutory definition of “knowingly” which refer to
a person acting knowingly with respect to the circumstances surrounding his conduct. 
Cf. Tex. Pen. Code Ann. § 6.03(b)
(Vernon 2003).