

# IN THE
# TENTH COURT OF APPEALS

No. 10-09-00162-CR

**MARTIN ANTHONY GARCIA,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2007-2103-C2

## MEMORANDUM OPINION

A jury convicted Martin Anthony Garcia of indecency with a child by contact[1] and assessed his punishment at twenty years' imprisonment and a $5,000 fine. Garcia contends in his sole issue that the court committed fundamental error by failing to limit its jury instructions on mens rea to "intent" and "nature of the conduct." We will affirm.

---

[1] The jury acquitted Garcia of aggravated sexual assault.

## The Appellate Complaint

Garcia's appellant complaint has two sub-parts. First, he contends that the court erred in the abstract portion of the charge by not limiting the mens rea definitions to "intent" and "nature of the conduct." Second, he contends that the court's application paragraph is erroneous because it required the jury to find that Garcia "intentionally or knowingly" engaged in the conduct alleged. Garcia's contentions are better understood by examining the two offenses with which he was charged and the court's instructions relative to those offenses.

Count one of the indictment charged Garcia with aggravated sexual assault by intentionally or knowingly causing the child complainant's sexual organ to contact or be penetrated by his own sexual organ. Count two charged Garcia with indecency with a child, alleging that he, with intent to arouse or gratify his own sexual desire, intentionally or knowingly engaged in sexual contact with the child by touching her breast. The jury acquitted Garcia of aggravated sexual assault but convicted him of indecency.

The guilt-innocence charge instructed the jury on both charges. The abstract portion of the charge included definitions for the terms "intentionally" and "knowingly" which largely correspond[2] to those provided by section 6.03 of the Penal Code. *See* TEX. PEN. CODE ANN. § 6.03(a), (b) (Vernon 2003). The definitions in the abstract portion of the charge read as follows:

---

[2] The court did not include the portions of the statutory definition of "knowingly" which refer to a person acting knowingly with respect to the circumstances surrounding his conduct. *Cf.* TEX. PEN. CODE ANN. § 6.03(b) (Vernon 2003).

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct when he is aware of the nature of his conduct. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

*Id.*

The application paragraph for the indecency charge, consistent with the indictment, instructed the jurors in pertinent part that they must find Garcia guilty if they found beyond a reasonable doubt that he did, "with the intent to arouse or gratify the sexual desire of the Defendant, intentionally or knowingly engage in sexual contact with [complainant] by touching the breast of [complainant]."

**Abstract Definitions**

The first part of Garcia's complaint is that the abstract definitions quoted above are erroneously broad because they do not limit the mens rea definitions to "intent" and "nature of the conduct." Garcia's complaint is based on the fact that he was convicted of indecency with a child. However, he fails to consider that the charge also included definitions and instructions regarding the allegation of aggravated sexual assault of which the jury acquitted him.

To obtain a conviction for aggravated sexual assault as alleged, the State had to prove that Garcia intentionally or knowingly caused the child complainant's sexual organ to contact or be penetrated by his own sexual organ. *Id.* § 22.021(a)(1)(B)(i), (iii) (Vernon Supp. 2009).

Conversely, to obtain a conviction for indecency with a child by contact, the State had to prove that Garcia engaged in the contact "with the intent to arouse or gratify the sexual desire of any person." *Id.* § 21.11(a)(1), (c) (Vernon Supp. 2009). This is the only mens rea required to prove indecency by contact. *See McKenzie v. State*, 617 S.W.2d 211, 213 (Tex. Crim. App. [Panel Op.] 1981); *Claycomb v. State*, 988 S.W.2d 922, 925 (Tex. App.—Texarkana 1999, pet. ref'd); *Washington v. State*, 930 S.W.2d 695, 698 (Tex. App.— El Paso 1996, no pet.).

Garcia contends that, because indecency is a nature-of-conduct offense rather than a result-oriented offense and because indecency must be committed with the requisite intent rather than knowingly, the abstract definitions should have been limited to "intent" and "nature of the conduct." *See Whitfield v. State*, No. 01-96-00908-CR, 2001 WL 40654, at *1 (Tex. App.—Houston [1st Dist.] Jan. 18, 2001, pet. ref'd) (not designated for publication); *Rodriguez v. State*, 24 S.W.3d 499, 502 (Tex. App.—Corpus Christi 2000, pet. ref'd); *see also Hughes v. State*, 897 S.W.2d 285, 296 (Tex. Crim. App. 1994) (court erred by failing to limit abstract definitions of culpable mental states in charge to requisite culpable mental state(s) of offense alleged); *Battaglia v. State*, No. 05-06-00798-CR, 2007 WL 4098905, at *2 (Tex. App.—Dallas Nov. 19, 2007, no pet.).

However, the mens rea required to prove aggravated sexual assault is that the defendant acted either intentionally or knowingly. *See* TEX. PEN. CODE ANN. § 22.021(a)(1)(B). Aggravated sexual assault is a conduct-oriented offense which means that the focus of the offense is on whether the defendant acted intentionally or knowingly with respect to the nature of his conduct rather than the result of his

conduct. *See Gonzales v. State*, No. PD-0337-09, 2010 WL 625056, at *7 (Tex. Crim. App. Feb. 24, 2010) (citing *Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999)). Thus, Garcia's complaint has some merit.

The court properly included abstract definitions in the charge for both "intentional" and "knowing" conduct. However, the court erred by failing to limit these definitions to the nature of the defendant's conduct rather than the result of his conduct. *See Hughes*, 897 S.W.2d at 296; *Battaglia*, 2007 WL 4098905, at *2; *Whitfield*, 2001 WL 40654, at *1; *Rodriguez*, 24 S.W.3d at 502. Because Garcia failed to object, reversal is required only for egregious harm. *Trejo v. State*, 280 S.W.3d 258, 261 (Tex. Crim. App. 2009); *Battaglia*, 2007 WL 4098905, at *1; *Whitfield*, 2001 WL 40654, at *2; *Rodriguez*, 24 S.W.3d at 503.

Citing *Plata v. State*, the State characterizes each of these abstract definitions as a superfluous instruction which "never produces reversible error in the court's charge because it has no effect on the jury's ability fairly and accurately to implement the commands of the application paragraph." 926 S.W.2d 300, 302-03 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234, 239 (Tex. Crim. App. 1997). However, the Court in *Plata* also observed, "Reversible error only occurs in the giving of an abstract instruction when the instruction is an incorrect or misleading statement of a law which the jury must understand in order to implement the commands of the application paragraph." *Id.* at 302. Here, Garcia's complaint potentially fits within the category of "reversible error" identified in *Plata* because the challenged definitions were incorrect with regard to the culpable mental state which the

jury must find in order to convict him of indecency by contact. And this error is magnified to the extent that the application paragraph itself misstates the requisite culpable mental state.

Thus, we will examine the record for egregious harm under the standard first enunciated in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). *See Dougherty v. State*, No. PD-1411-05, 2006 WL 475802, at *1 (Tex. Crim. App. Mar. 1, 2006) (per curiam) (not designated for publication).

"[T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information [revealed] by the record of the trial as a whole." *Trejo*, 280 S.W.3d at 261 (quoting *Almanza*, 686 S.W.2d at 171).

### Application Paragraph

Because we must consider "the entire jury charge," we now address the second part of Garcia's complaint, namely, that the application paragraph erroneously instructed the jury to convict upon finding that he, with intent to gratify his own sexual desire, intentionally or knowingly engaged in sexual contact with the child by touching her breast.

As discussed above, the sole mens rea required to prove indecency by contact is acting with the intent to gratify a person's sexual desire. *See McKenzie*, 617 S.W.2d at 213; *Claycomb*, 988 S.W.2d at 925; *Washington*, 930 S.W.2d at 698. The application paragraph also required a finding that Garcia intentionally or knowingly engaged in the

sexual contact. The State suggests that this did not harm Garcia because it only served to increase the State's burden at trial. *See Caballero v. State*, 927 S.W.2d 128, 131 (Tex. App.—El Paso 1996, pet. ref'd). But it also may have caused confusion among the jurors or led them to believe that Garcia could be convicted on a finding of knowing conduct. *See Bazanes v. State*, No. 02-08-00358-CR, 2010 WL 598724, at *3 (Tex. App.—Fort Worth Feb. 18, 2010, no pet.); *Cavazos v. State*, No. 13-04-00075-CR, 2005 WL 2008417, at *2 (Tex. App.—Corpus Christi Aug. 22, 2005, no pet.) (not designated for publication); *Whitfield*, 2001 WL 40654, at *1; *see also Sakil v. State*, 287 S.W.3d 23, 26 (Tex. Crim. App. 2009) ("The function of a jury charge is not 'merely to avoid misleading or confusing the jury,' but 'to lead and to prevent confusion.'") (quoting *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996)).

Thus, the charge is erroneous not only because it failed to limit the abstract definitions concerning intent and knowledge to the nature of the defendant's conduct but also because it failed to limit the application paragraph to the sole requisite mens rea for indecency by contact, namely, acting with intent to gratify the sexual desire of any person. *Bazanes*, 2010 WL 598724, at *3; *Cavazos*, 2005 WL 2008417, at *2; *Avery v. State*, No. 05-02-00735-CR, 2004 WL 78042, at *1 (Tex. App.—Dallas Jan. 20, 2004, pet. ref'd) (not designated for publication); *Whitfield*, 2001 WL 40654, at *1; *Rodriguez*, 24 S.W.3d at 502.

### Egregious Harm

We have identified two errors in the charge concerning the applicable mens rea. Conversely, the charge correctly instructed the jury on the substantive law for the

offense of indecency with a child thus informing the jury of what the State had to prove. *See Bazanes*, 2010 WL 598724, at *3; *Cavazos*, 2005 WL 2008417, at *3. Within the context of the charge as a whole, the errors identified appear less harmful. *See Bazanes*, 2010 WL 598724, at *3.

The only contested issue at trial was the credibility of the complainant. Garcia denied that the incident occurred. He tried to explain away DNA evidence supporting the complainant's testimony. His intent was not at issue. The State presented sufficient evidence from which his intent could be inferred. *Id.*, at *4; *Avery*, 2004 WL 78042, at *2; *Whitfield*, 2001 WL 40654, at *2; *Rodriguez*, 24 S.W.3d at 503.

The parties did not address Garcia's intent during closing argument, so the erroneous instructions were not highlighted or relied on by the State to obtain a conviction. *See Bazanes*, 2010 WL 598724, at *4.

To summarize, notwithstanding the erroneous instructions the charge correctly instructed the jury on the substantive law for the offense of indecency with a child. Evidence was not offered to suggest that Garcia acted without the requisite intent other than his evidence that he did not commit the offense, and the evidence supports a finding that he acted with the requisite intent. The parties did not address Garcia's intent in closing argument.

Accordingly, we hold that Garcia did not suffer egregious harm from the errors in the court's charge. *See Bazanes*, 2010 WL 598724, at *3-5; *Avery*, 2004 WL 78042, at *2; *Whitfield*, 2001 WL 40654, at *2; *Rodriguez*, 24 S.W.3d at 503.

We overrule Garcia's sole issue and affirm the judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
     (Chief Justice Gray concurs with the Court's judgment to the extent that it affirms the trial court's judgment.  He does not join the opinion.  A separate opinion will not issue.)
Affirmed
Opinion delivered and filed March 31, 2010
Do not publish
[CR25]