Douglas Albert **DOUGHERTY**,
Appellant,

v.

The **STATE** of Texas.

No. PD–1411–05.

Court of Criminal Appeals of Texas.

March 1, 2006.

John J. Davis, Angleton, for Appellant.

Jeri Yenne, Criminal District Atty & David Bosserman, Asst.Criminal District Atty., Angleton, Matthew Paul, State's Atty., Austin, for State.

Non-published per curiam opinion.*

KELLER, P.J., filed a dissenting opinion.

The Court finds that the Court of Appeals's opinion is deficient for failing to take into account all of the *Almanza*[1] factors. I believe that in this type of case there is only one factor that the court needed to consider because the existence of that factor, all by itself, cured the error in the jury charge. Moreover, the lower court's opinion is fully consistent not only with *Almanza*, but with other opinions from this Court.

Remember that *Almanza* was exceptional in its conclusion that "finding error in the court's charge to the jury begins—not ends—the inquiry" into harm.[2] In *Almanza*, this Court reversed "the modern trend" to label certain errors "fundamental" and then automatically reverse convictions without regard to harm or to the nature of the error in the case.[3] *Almanza* expanded—not limited—appellate courts' ability to find errors harmless. In creating the *Almanza* factors, the Court was saying that, rather than automatically finding error reversible, courts should consider all of these factors before finding error harm*ful*. I do not believe that *Almanza* means that courts must in every case consider all of these factors before finding error harm*less*. I think that the Court of Appeals's opinion in this case in perfectly consistent with *Almanza*, given its historical context.

The Court of Appeals's opinion is also consistent with our other cases. The jury charge here was erroneous because it failed to properly limit the culpable mental state definitions. The Court of Appeals nevertheless found the error harmless because the definitions were properly limited in the application paragraphs. As the court said, "The jury could only convict appellant if it found that appellant intentionally, knowingly, recklessly, or with criminal negligence *caused* Doughery's injuries."[4] The court did not say that the application paragraphs cured the error, but that is what the analysis boils down to. The error in the charge was negated, so to speak, by the limitation in the application paragraph.

In its careful analysis, the Court of Appeals relied upon this Court's opinions in *Patrick v. State*[5] and *Medina v. State*.[6]

---

* Editor's Note: for unpublished per curiam opinion, see 2006 WL 475802.

1. *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim.App.1985)(op. on reh'g).

2. *Id.* at 174.

3. *Id.* at 172.

4. *Dougherty v. State*, No. 01–03–01064–CR, 2005 WL 1704882 (Tex.App.—Houston [1st Dist.] July 21, 2005)(not designated for publication).

5. 906 S.W.2d 481 (Tex.Crim.App.1995).

In *Patrick*—a case with a similar jury charge error—this Court limited its harm analysis in just the way that the Court of Appeals did in this case.[7] We looked no further than the application paragraph to determine that the charge error in that case was harmless.[8] In *Medina* we did look at other factors, but along the way we cited to *Plata v. State*.[9] In *Plata*, we considered the reverse problem: a correct abstract instruction in a jury charge that lacked a proper application paragraph. In concluding that the error was not cured by the abstract instruction, this Court said:

> [A]bstract or definitional paragraphs serve as a kind of glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge.... The inclusion of a merely superfluous abstraction, therefore, *never* produces reversible error in the court's charge because it has no effect on the jury's ability fairly and

accurately to implement the commands of the application paragraph or paragraphs.[10]

As far as I can tell, this has been the Court's consistent position: an overly-expansive abstract definition is completely remedied by a properly limited application paragraph.[11] We have come to this conclusion even when there was a proper objection.[12]

Moreover, if a prosecutor argues the incorrect abstract portion of the charge rather than the correct application paragraph (as may have happened here), the argument error would be a separate issue, and the defendant would be required to object to preserve the issue for appellate review.[13] I would refuse the petition.

I respectfully dissent.

**6.** 7 S.W.3d 633 (Tex.Crim.App.1999).

**7.** 906 S.W.2d at 493.

**8.** *Id.*

**9.** 926 S.W.2d 300 (Tex.Crim.App.1996).

**10.** *Id.* at 302–303 (emphasis added).

**11.** *Sandig v. State*, 580 S.W.2d 584, 586 (Tex. Crim.App.1979)("an abstract statement of the law that goes beyond the allegations in the indictment ordinarily will not present reversible error ...because ordinarily such expansions on the indictment's allegations are effectively restricted by the charge's application of the law to the facts, which should limit the jury's deliberations to the allegations in the indictment supported by evidence"); *Mauldin v. State*, 628 S.W.2d 793, 796 (Tex.Crim.App.1982)(abstract instruction on law of parties that was not supported by the evidence did not create reversible error because application paragraph required jury to find the defendant's guilt based solely upon his own behavior); *Lewis v. State*, 815 S.W.2d 560, 562 (Tex.Crim.App.1991)(no error in giv-

ing superfluous abstract instruction on transferred intent when the issue of transferred intent was not incorporated into the application paragraph); *Hughes v. State*, 897 S.W.2d 285, 297 (Tex.Crim.App.1994)(no error in giving superfluous abstract instruction on causation when the issue of causation was not incorporated into the application paragraph). While *Medina* addressed other factors, that case involved an inapplicable instruction present in the charge *instead of* the applicable instruction. 7 S.W.3d at 639–640. This raised the question of whether harm was caused by "an incorrect or misleading statement of a law which the jury must understand in order to implement the commands of the application paragraph." *Plata*, 926 S.W.2d at 302. Such is not the case here, where the inapplicable instruction was present *in addition to* the applicable instruction and only the applicable instruction was given effect in the application paragraph.

**12.** *Mauldin*, 628 S.W.2d at 796; *Lewis*, 815 S.W.2d at 562.

**13.** *Anderson v. State*, 932 S.W.2d 502, 507 (Tex.Crim.App.1996)(improper argument er-

ror cannot be preserved under the rubric of jury charge error). Appellant did not object to the argument here, so he has forfeited his right to complain on appeal. *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App. 1996). But even if he had objected, the jury's verdict in this case established that the improper argument was harmless. The prosecutor's argument centered on the culpable mental state of "knowingly" in connection with the "nature of conduct" part of the definition of that term. The jury, however, convicted appellant of the lesser included offense of *recklessly, or with criminal negligence,* causing bodily injury to an elderly person, and the instructions in connection with the lesser culpable mental states did not include "nature of conduct" language.