Affirmed and Memorandum Opinion filed June 19, 2007








Affirmed and Memorandum Opinion filed June 19, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00207-CR

_______________

 

LAWRENCE RAY SILVA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 46816

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

Lawrence
Ray Silva appeals his conviction for aggravated sexual assault of a child.  In
three issues, he contends (1) the evidence is factually insufficient to support
the conviction, (2) the trial court erred by admitting an allegedly irrelevant
comment made by appellant, and (3) the trial court erred by submitting a
definition of the offense in the abstract portion of the jury charge that did
not comport with the indictment and the application paragraph of the charge.  
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

 








I.  Background

Appellant
was accused of aggravated sexual assault of E.R.  Appellant=s wife, Maria AChristina@ Tellez Silva, is a cousin of E.R.=s mother.  At the time of the
incident, E.R. was twelve years old.  Her family lived next door to appellant=s family.

E.R.
testified that, on March 6, 2004, she spent the night at appellant=s home.  Sometime that evening,
Christina and E.R.=s mother left for the store.  E.R. went to sleep on the floor
of the bedroom belonging to Christina=s daughter, Kayla.  Christina=s ten-year-old niece also slept in
this bedroom.  At some point, E.R. awoke to find appellant on his knees looking
at her.  Then, they heard Kayla run through the hallway, so appellant entered
the adjacent bathroom.  Kayla opened the bedroom door looking for appellant. 
Appellant exited the bathroom and took Kayla to another room.  Appellant then
returned to the bedroom.

E.R. was
lying on her side.  Appellant got on his knees behind E.R and pulled her pants
halfway down.  E.R. first testified that appellant put his Aprivate@ in her Abehind.@  She then testified more
specifically that he put his penis in her Abutt@Cthe area where she has her bowel
movements.  His penis felt hot, hard, and bigger than a finger, and he moved
his penis Ain and out@ a Abunch of times.@   Although this act Ahurted . . . a lot,@ E.R. did not shout and Ajust kept [the pain] inside@ because she was Ascared he would do something else.@  She did not try to move away from
appellant because she was frightened and Athis never happened to me before.@  Appellant also touched her chest
and her Amiddle part@Cthe area she uses to Apee@ and go ANo. 1.@








Appellant
left the bedroom when they again heard Kayla in the hallway. After appellant
took Kayla away, he returned to the bedroom.  He told E.R. he was sorry and Adon=t tell anyone@ and asked if she wanted to Ago smoke something outside.@  Appellant then left, and E.R.
pretended to sleep because she was frightened he would return.  The next night,
E.R. told her mother about the incident.  At trial, E.R. explained that she
waited an entire day because she was afraid her family might not believe her
and Aa lot of thoughts were going through@ her mind.  Her mother summoned
Christina, who called the police.

Christina
testified that she has not lived with appellant since E.R. reported this incident.
Shortly after the incident, appellant called Christina and claimed he did not
remember that Ahe did anything@ to E.R.  About a year later, appellant told Christina he had
become a Christian and could no longer lie.  Appellant told Christina he had
entered the bedroom, lifted E.R.=s shirt, rubbed her chest, pulled
down her pants, and rubbed her Abutt@ with his hand.  However, he denied raping E.R.  He further
stated that he kept Ablacking out@ during this incident because he was Ahigh,@ and he left the room when Kayla
asked for a drink.

Two days
after the incident, Dr. Sheela Lahoti, a pediatrician, examined E.R. at the
Children=s Assessment Center.  Dr. Lahoti
testified that she found two anal fissures, which are small tears in the anal
tissue.  Dr. Lahoti explained that fissures can be caused by any trauma
including an object being inserted in the anus or constipation.  In response to
questioning from Dr. Lahoti, E.R. denied having constipation.  E.R. was not
very responsive to Dr. Lahoti=s questions.  E.R. said she was touched on her chest and Abutt@ with a hand.  When Dr. Lahoti asked
if she was touched with anything else, E.R. nodded Ayes.@  Although Dr. Lahoti asked with what
E.R. had been touched, she did not answer.  Thus, Dr. Lahoti obtained a limited
history and could not determine whether E.R.=s anus had been penetrated by a
penis.

A jury
found appellant guilty of aggravated sexual assault of a child, and he was
sentenced to fifteen years= confinement.

II.  Factual Sufficiency








 In his
first issue, appellant contends the evidence is factually insufficient to
support the jury=s finding that he committed aggravated sexual assault of
E.R.  When reviewing the factual sufficiency of the evidence, we view all the
evidence in a neutral light and set aside the verdict Aonly if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.@ Cain v. State, 958 S.W.2d
404, 407 (Tex. Crim. App. 1997) (quoting Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996)).  Before we may reverse for factual
insufficiency, we must first be able to say, with some objective basis in the
record, that the great weight and preponderance of the evidence contradicts the
jury=s verdict.  Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  We do not re‑evaluate the
credibility of witnesses or the weight of evidence, and we will not substitute
our judgment for that of the factfinder.  Johnson v. State, 967 S.W.2d
410, 412 (Tex. Crim. App. 1998).

Appellant
was charged with intentionally and knowingly causing the anus of E.R. to
contact appellant=s sexual organ.  See Tex.
Penal Code Ann. '' 22.021(a)(1)(B)(iv) & (a)(2)(B) (Vernon Supp. 2006)
(providing that a person commits the offense of aggravated sexual assault if he
intentionally or knowingly causes the anus of a child, younger than fourteen,
to contact the mouth, anus, or sexual organ of another person, including the
actor).  The State presented evidence that appellant intentionally and
knowingly caused E.R.=s anus to contact his sexual organ.  In fact, the State
presented evidence that appellant actually penetrated E.R.=s anus with his sexual organ because
E.R. testified appellant put his penis in her Abutt@ and moved it Ain and out@ a Abunch of times.@[1]








Nevertheless,
appellant contends the evidence is factually insufficient because the jury=s verdict defies Acommon sense.@  He suggests E.R.=s testimony is not credible because
she could not have endured anal intercourse without making any noise or reflex
movements or waking the other girl sleeping in the room.  However, E.R.
specifically explained that she was too frightened to cry out or attempt to
move away from appellant.  The jury certainly could have believed that a
twelve-year-old child who was being anally penetrated unexpectedly by a
relative was too frightened to cry out or attempt to move away from him. 
Further, the jury could have reasonably inferred that the incident did not
generate sufficient noise to wake the other girl.  

In
addition, the jury could have found that E.R.=s testimony was credible based on the
details she provided when describing appellant=s penis and the intercourse.
Moreover, appellant admitted to his wife, Christina, that he had engaged in, at
least, some sexual conduct with E.R. by touching her chest and buttocks. 
Although appellant denied raping E.R., the jury was free to believe E.R.=s testimony rather than appellant=s statement to his wife. 

Appellant
also asserts that Dr. Lahoti could not confirm E.R.=s anus had been penetrated by a
penis.  However, the testimony of a child victim alone is sufficient to support
a conviction for aggravated sexual assault.  See Tear v. State,
74 S.W.3d 555, 560 (Tex. App.CDallas 2002, pet. ref=d); Tex.
Code Crim. Proc. Ann. art. 38.07 (Vernon 2005).  Appellant further
contends that intercourse would cause Amore serious@ tears in the anal region than those
described by Dr. Lahoti. However, appellant cites no evidence demonstrating
that anal intercourse would necessarily cause more substantial tears.

Finally,
appellant contends that his apology to E.R. after the incident was more
consistent with Ainappropriate touching@ than anal intercourse.  However,
appellant offers no reason he would more likely have apologized to E.R. for Ainappropriate touching@ than anal intercourse.

In sum,
we cannot say that the great weight and preponderance of the evidence
contradicts the jury=s verdict.  Accordingly, we conclude the evidence is
factually sufficient to support the verdict.  We overrule appellant=s first issue.








III.  Admission of Comment by Appellant

In his
second issue, appellant contends the trial court erred by admitting testimony
from E.R.=s stepfather, Stephen Wilson, regarding a comment made by appellant. 
Around the time of the offense at issue, Wilson and appellant were employed at
the same plant and car-pooled to work.  During the State=s direct examination of Wilson, the
following exchange occurred:

Q.        Mr. Wilson, have you ever heard the defendant make any sexual
comments about young girls?

[APPELLANT=S
COUNSEL]:          Objection, Your Honor, hearsay, immaterial, irrelevant.

THE COURT:                                    Lay a
predicate.

Q.        During the time that you and the defendant would share rides
to work, would it ever happen that you would see women or girls outside the
car?

A.        Yes. sir. 

Q.        All right.  Were there ever any comments made by the
defendant of any kind about women or girls that were outside the car?

[APPELLANT=S
COUNSEL]:          Objection, your Honor.  It=s immaterial, irrelevant.  There is no time and place, no proper
predicate.

THE COURT:                                    Overruled.

Go ahead,
sir.  You can answer.

Q.        Did you ever hear any comments by the defendant about the
women or the girls that would be outside when you were traveling to or from
work?

A.        Yes, sir, he did.  

Q.        Were any of these comments ever directed or about girls that
appeared to be say younger than 18?

A.        Yes, sir.

Q.        How old do you think the youngest would have been that you
heard the defendant make the comment about?








[APPELLANT=S
COUNSEL]:          Objection, your Honor.  It=s calling for speculation.

THE COURT:                                    Sustained.

Q.        Did you ever stop and or you and the defendant stop and talk
to any of these women or girls?

A.        No, sir.

Q.        Do you recall whether or not the defendant ever made any
comments about the young women that were sexual in nature?

[APPELLANT=S
COUNSEL]:          Objection, Your Honor.  Calling for speculation. There was
no predicate laid, It=s irrelevant.  It=s
hearsay. 

THE COURT:                                    Overruled

Go ahead.

A.        Yes, sir, I did.

Q.        And do you recall that you can tell the jury what any of
those comments were?

A.        Are you sure?

Q.        Yes.

A.        I would like to spank that
ass.

Appellant
contends the trial court abused its discretion by admitting his comment, AI would like to spank that ass@ because it was not relevant.  See
Tex. R. Evid. 401 (defining Arelevant evidence@ as Aevidence having any tendency to make
the existence of any fact that is of consequence to the determination of the
action more probable or less probable than it would be without the evidence.@).  Appellant asserts the State did
not establish the time and place the comment was made or the age of the
woman/girl to whom he referred.  Further, appellant characterizes the comment
as merely an offhand remark that a man might typically make about an attractive
woman because Ait is a fact of life that men in general are attracted to the look of a
woman=s posterior.@  Therefore, appellant suggests his
comment did not infer he contemplated anal intercourse with young girls,
including E.R. 








However,
appellant failed to preserve error on his complaint.  A party must make a
timely objection as a prerequisite to presenting a complaint for appellate
review.   See Tex. R. App. P. 33.1(a). 
Further, the party must object each time the inadmissible evidence is offered
unless he (1) obtains a running objection, or (2) makes an objection outside
the presence of the jury to all the testimony he deems objectionable.  See
Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); Martinez v.
State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003);  Ross v. State,
154 S.W.3d 804, 811 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d); Tex.
R. Evid. 103(a)(1).  Appellant objected on various grounds, including
relevance, when the State asked Wilson whether appellant made any comments of a
sexual nature about young women, but appellant did not object when the State
subsequently asked Wilson to relay the substance of the comment at issue.








Even if
appellant had preserved error, we conclude that any error in admitting the
comment was harmless.  Erroneous admission of evidence is nonconstitutional
error.  See Tex. R. App. P. 44.2(b); 
Johnson, 967 S.W.2d at 417; Goudeau v. State, 209 S.W.3d 713, 721
(Tex. App.CHouston [14th Dist.] 2006, no pet.).  We must disregard nonconstitutional
error unless it affects an appellant=s substantial rights.  Tex. R. App. P. 44.2(b); Goudeau,
209 S.W.3d at 721.  A substantial right is affected when the error had a
substantial and injurious effect or influence on the jury=s verdict.  King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997); Goudeau, 209 S.W.3d at 721. 
Substantial rights are not affected by the erroneous admission of evidence Aif the appellate court, after
examining the record as a whole, has fair assurance that the error did not
influence the jury, or had but a slight effect.@  Motilla v. State, 78 S.W.3d
352, 355 (Tex. Crim. App. 2002) (quoting Johnson, 967 S.W.2d at 417). 
In assessing the likelihood that the jury=s decision was adversely affected by
the error, we should consider everything in the record, including any testimony
or physical evidence admitted for the jury=s consideration, the nature of the
evidence supporting the verdict, the character of the alleged error, and how it
might be considered in connection with other evidence in the case.  Id.
at 355.  We may also consider the jury instructions, the State=s theory and any defensive theories,
closing arguments, and even voir dire, if applicable.  Id. at 355B56.  We may also consider whether the
State emphasized the error.  Id. at 356.

We
acknowledge that the State referred to the comment once during closing
argument, suggesting that it demonstrated appellant=s intent to sexually assault E.R. 
However, the weight of the evidence of appellant=s guilt is also relevant in conducting
the harm analysis under Rule 44.2(b). Motilla, 78 S.W.3d at 360.  By the
time the comment was admitted, the jury had already heard E.R.=s detailed testimony describing the
sexual assault and Christina=s testimony regarding appellant=s admission that he engaged in, at
least, some sexual contact with E.R.  Accordingly, even if the jury viewed
appellant=s comment as evidence that he envisioned anal intercourse or other sexual
activity with young girls, such as E.R., we have fair assurance that any error
in admitting the comment did not influence the jury or had but a slight
effect.  We overrule appellant=s second issue.

IV.  Jury Charge

In his
third issue, appellant contends the trial court erred by submitting a
definition of Aaggravated sexual assault of a child@ in the abstract portion of the jury
charge that did not comport with the indictment and the application paragraph
of the charge.








Our
first duty in analyzing a jury‑charge issue is to decide whether error
exists.  Ngo v. State, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).  If
error exists, we then analyze the error for harm.  Id.  When, as here,
an appellant fails to object to the charge at trial, he must show egregious
harm to prevail on appeal.  See id. at 743B44; Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985).  Harm is egregious when the defendant
has not had a Afair and impartial trial.@ Almanza, 686 S.W.2d at 171.  Errors that result in
egregious harm are those that affect A>the very basis of the case,= >deprive the defendant of a valuable
right,= or >vitally affect a defensive theory.=@  Hutch v. State, 922 S.W.2d
166, 171 (Tex. Crim. App. 1996) (quoting Almanza, 686 S.W.2d at 172). 
We must determine the actual harm in light of the entire jury charge, the state
of the evidence, including contested issues and weight of probative evidence,
the argument of counsel, and any other relevant information revealed by the
record.  Almanza, 686 S.W.2d at 171; see Ngo, 175 S.W.3d at 750
n.48. 

The
Texas Penal Code sets forth several different acts that constitute the offense
of Aaggravated sexual assault of a child.@  See Tex. Penal Code Ann. '' 22.021(a)(1)(B) & (a)(2)(B).  In
this case, the abstract portion of the jury charge stated in pertinent part:

A person commits the offense of Aggravated Sexual
Assault of a Child if the person intentionally or knowingly causes the penetration
of the anus of a child by any means and the victim is younger than
fourteen (14) years of age. 

(emphasis added).  See
Tex. Penal Code Ann. '' 22.021(a)(1)(B)(i) & (a)(2)(B).

However,
the indictment alleged a different act:  appellant Adid . . . intentionally or knowingly
cause the anus of [E.R.], a child younger that fourteen (14) years of age and
not the defendant=s spouse, to contact the sexual organ of the
defendant.@  (emphasis added).  See Tex.
Penal Code Ann. '' 22.021(a)(1)(B)(iv) & (a)(2)(B).

The application
paragraph of the charge tracked the language of the indictment:

. . . if
you believe from the evidence beyond a reasonable doubt, that the defendant . .
. did . . . intentionally or knowingly cause the anus of [E.R.], a child
younger than fourteen (14) years of age and not the defendant=s spouse, to contact the sexual organ of the
defendant, then you will find the defendant guilty of the offense of AGGRAVATED
SEXUAL ASSAULT OF A CHILD as alleged in the indictment.

Unless you do so believe from the
evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof,
you will acquit the defendant of AGGRAVATED SEXUAL ASSAULT OF A CHILD, as
alleged in the indictment and say by your verdict not guilty.

(emphasis added).      








In sum,
the abstract portion of the charge defined the offense to involve penetration
of E.R.=s anus by any means.  However, the
indictment alleged contact between E.R.=s anus and appellant=s sexual organ and the application
paragraph instructed the jury it must find contact between E.R.=s anus and appellant=s sexual organ.  

A trial
court is obligated to charge the jury on the Alaw applicable to the case.@  See Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007).  In this
case, the abstract portion included a definition of the offense that was
technically a correct statement of the law, but was inapplicable to appellant=s case.  Appellant contends this
error caused egregious harm because this inapplicable definition concerned the Avery crime@ for which he was convicted and the
charge was confusing.  We disagree.

The
Texas Court of Criminal Appeals has held that, when the application paragraph
of a charge correctly instructs the jury, an error in the abstract portion is
not egregious.  Medina v. State, 7 S.W.3d 633, 640 (Tex. Crim. App.
1999).  Abstract statements of the law that go beyond the allegations in the
indictment will not present reversible error when the trial court=s application of the law to the facts
effectively restricts the jury=s deliberation to the allegations in the indictment.  Grady
v. State, 614 S.W.2d 830, 831 (Tex. Crim. App. 1981).  In this case, the
application paragraph correctly restricted the jury=s deliberation to the definition of
the offense alleged in the indictment.








Further,
during its closing argument, the State informed the jury that it must find
contact between E.R.=s anus and appellant=s sexual organ to convict appellant.[2] 
Therefore, the State reiterated to the jury the definition of the offense
alleged in the indictment and applicable in this case.

Moreover,
even if the abstract portion of the charge misled the jury to believe it must
find Apenetration@ of E.R.=s anus Aby any means@ to convict appellant, the jury
necessarily found the elements of the offense alleged in the indictment.  The
only evidence of penetration in this case involved appellant=s penis.  Consequently, any finding
that appellant penetrated E.R.=s anus necessarily encompassed a finding that appellant=s penis contacted E.R.=s anus.  Finally, if the jury relied
on the definition in the abstract portion of the charge, the State actually
faced a more difficult burden than proving mere Acontact,@ as alleged in the indictment.  

In sum,
the trial court=s error in including an inapplicable definition of the
offense in the abstract portion of the jury charge was not so egregious that
appellant was denied a fair and impartial trial.  We overrule appellant=s third issue.

Accordingly,
the judgment of the trial court is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

 

Judgment rendered and Memorandum
Opinion filed June 19, 2007.

Panel consists of Justices Frost,
Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  A person also commits the offense of aggravated
sexual assault of a child if he intentionally or knowingly causes the penetration
of the anus of a child, younger than fourteen, by any means. See Tex. Penal Code Ann. '' 22.021(a)(1)(B)(i) & (a)(2)(B) (Vernon Supp.
2006).  Here, appellant was charged only with causing his sexual organ to contact
E.R.=s anus.  Nonetheless, the State presented evidence of Apenetration@ in
addition to Acontact.@





[2]  Despite its earlier holdings in Medina and Grady,
the Court of Criminal Appeals recently reversed, albeit in an unpublished
opinion, a court of appeals=s finding that
error in the abstract portion of a jury charge did not cause egregious harm
when the application paragraph properly instructed the jury.  See Dougherty
v. State, No. PD-1411-05, 2006 WL 475802, *1 (Tex. Crim. App. March 1,
2006).  The Court of Criminal Appeals held that the court of appeals
incorrectly limited its harm analysis to consideration of the jury charge
without addressing the other Almanza factors.  See id. 
Thus, the Court remanded for a harm analysis to include all Almanza
factors.  See id.  As the Dougherty dissenting judge aptly
noted, we do not see how all the Almanza factors are necessarily
relevant to the harm analysis when, as in this case, the application paragraph
correctly instructed the jury and cured the error in the abstract portion.  See
id. at *1B3.  Nonetheless, in light of Dougherty, we have
considered the other Almanza factors, including jury argument and state
of the evidence, to the extent possible in this situation.