ORIGINAL *1269·15*

Petition for discretionary review in the matter of State of Texas vs. Wesley Theodore Burns

RECEIVED IN
COURT OF CRIMINAL APPEALS

Regarding Appeal No. 10-14-00053-CR

FILED IN
COURT OF CRIMINAL APPEALS

SEP 25 2015

Abel Acosta, Clerk

From the 361st District Court

Brazos County, Texas

Trial Court No. 11-02209-CRF-361

SEP 25 2015

Abel Acosta, Clerk

Chief Justice Keller; Justices Meyers, Richardson, Yeary, Johnson, Keasler, Hervey, Alcala, and Newell

I understand and accept the judgement of the appeals decision by Judge Gray and Judge Scoggins. There are factors that I wish to be taken into account with this discretionary review. I would like to implore the court for an opportunity to make restitution for the damages done without inflicting further harm on more innocents.

I have been gainfully employed for the past five years. In this time I have been the sole source of income for my wife and our eight children. My children are my pride and joy. My wife and I spend a lot of time and effort making sure that they are growing into well adjusted, intelligent, hard working adults. All of our children are in Pre-Advanced Placement or Advanced Placement courses due to their good grades and high scores on aptitude tests. Musical education is of great importance to us as a teaching tool and as a result we have a tuba player, a cellist, a bassoonist, a violinist, and a bassist. Our seventh grader was honored with a spot in the Honors Orchestra this year after achieving the most accolades of all of her classmates at last year's solo and ensemble contest for violin.

We are privileged to be a part of a church congregation where the children can sing and play their instruments in wonderful tributes of their faith. They minister to and perform for prison inmates, the elderly, the sick, and many others as part of their choral group through our church.

We spend time every school night at the dinner table together talking about what occurred over their day and what they learned. We believe that a strong family is essential to being able to function as an adult in this world. It is a privilege to be a parent to these children whose love for each other amazes me every single day.

My wife and I have been very disciplined over the past two years in a plan to ensure our future financial stability through her pursuit of a four year degree. In December of this year she will have completed 45 hours in two years during which she has maintained a 4.0 GPA. And she will have completed all of her necessary hours to apply to TWU's four year degree nursing program. Following which she will earn a degree as a nurse practitioner. It has been a very difficult, and yet rewarding journey, but I have been able to support her and our future through this with my income and the help of federal and state loan programs.

Petition for discretionary review in the matter of State of Texas vs. Wesley Theodore Burns

Regarding Appeal No. 10-14-00053-CR – Page 2/2

My legal issues are something I have chosen not to burden my mother with as she is grieving the loss of her husband, suffering cardiac health issues, and eye sight deficiencies which are making it increasingly difficult for her to care for herself. Any added stress seems to only cause her further health problems. As her only son I feel a great weight of responsibility to look after and care for her as she always cared for my father and I.

I fully respect and accept the judgement of this court and am fully willing to accept punishment and make restitution for my actions. I implore you to consider any and all possibilities for my punishment and restitution which would allow me to continue to provide for my wife, my mother, and my beautiful children. I fear the consequences my incarceration would cause for all of them as their sole source of income. I am willing to serve whatever punishment this court deems appropriate.

Respectfully,

Wesley Theodore Burns



IN THE

TENTH COURT OF APPEALS

No. 10-14-00053-CR

WESLEY THEODORE BURNS,

                                                                    Appellant

v.

THE STATE OF TEXAS,

                                                                    Appellee

From the 361st District Court
Brazos County, Texas
Trial Court No. 11-02209-CRF-361

## MEMORANDUM OPINION

Wesley Burns appeals from a conviction for the offense of misapplication of fiduciary property. TEX. PENAL CODE ANN. § 32.45 (West 2011). Burns complains that the abstract portion of the jury charge was erroneous because it included definitions of terms that were not authorized by the indictment, that the evidence was insufficient, and that he received ineffective assistance of counsel. Because we find no reversible error, we affirm the judgment of the trial court. Because the sufficiency of the evidence is relevant in our analysis of Burns' first issue, we will address the sufficiency issue first.

*Sufficiency of the Evidence*

In his second issue, Burns complains that the evidence was insufficient for the jury to have found beyond a reasonable doubt that Burns was the person who did not abide by an agreement to deposit cash into the victim's account that was accepted on the victim's behalf. *See* TEX. PENAL CODE ANN. § 32.45(a)(2)(A). The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d at 13.

Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Burns argues that the evidence was insufficient for any reasonable juror to have found that Burns unlawfully appropriated property; however, neither the indictment nor the jury charge authorized the jury to find Burns guilty on this basis. Burns also argues that the evidence was insufficient for the jury to have found that Burns was the individual who misapplied the property in question. Section 32.45(a)(2)(A) of the Penal Code defines "misapply" as dealing with property contrary to "an agreement under which the fiduciary holds the property." TEX. PENAL CODE ANN. § 32.45(a)(2)(A).

*Background Facts*

Burns was the property manager for Galindo Properties, and his duties included depositing rents the same day they were received and not accepting cash payments as rent. However, testimony was presented regarding multiple individuals who paid Burns personally in cash for rent and other expenses, and those payments were not deposited into Galindo's account nor were they accounted for in Galindo's accounting system. There were other individuals employed by Galindo during the same time period as Burns who were allowed by Burns to accept rental payments by cash, check, or money order or who were occasionally allowed to make deposits at the bank. One person who occasionally made deposits at the bank testified that the deposits never contained cash when she made them.

When asked about the missing money, Burns denied knowing where the missing money was but admitted to an investigator that he would have been the last person to possess the money. At trial, Burns testified that he was responsible for ensuring that the cash was deposited and that there was money that had not been deposited, although he denied knowing where the money had gone.

*Analysis*

The jury was presented with evidence of Burns and other employees having access to cash payments, evidence that Burns personally accepted or was the last person in possession of those payments, and evidence that those payments were not accounted for in Galindo's accounting records or bank statements as having been deposited. It was within the jury's province as the factfinder to determine which testimony it believed or it did not believe, and the jury determined that Burns was the individual who misapplied the money. The evidence was sufficient for a reasonable juror to have determined beyond a reasonable doubt that Burns was the individual who misapplied the cash payments. We overrule issue two.[1]

*Jury Charge Error*

In his first issue, Burns complains that he suffered egregious harm because the jury charge erroneously included the definitions of "appropriation," "deception," "effective consent," "steal," and "theft." Burns argues that the inclusion of these definitions

---

[1] Burns does not challenge the amount of the money misapplied, that he was acting in a fiduciary capacity, or that an agreement existed between Galindo and himself to deposit the money into Galindo's account. *See* TEX. PENAL CODE ANN. § 32.45.

allowed the jury to convict him of the offense of misapplication of property by theft, which was an offense for which he was not charged. The State does not dispute that these definitions should not have been included in the jury charge.

In reviewing a jury-charge issue, this Court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). We agree with Burns that the inclusion of the superfluous definitions was erroneous because those terms are not applicable to the offense of misapplication of fiduciary property pursuant to the indictment. We will therefore consider whether Burns was harmed by the inclusion of the definitions.

If the error was properly preserved by objection, reversal would be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). However, if error was not preserved at trial by a proper objection, a reversal of the trial court's judgment would only be granted if the error presents egregious harm, meaning that Burns did not receive a fair and impartial trial. *Id.* To obtain a reversal for jury-charge error, Burns must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012).

Burns concedes that he did not object to the jury charge; thus, he must show egregious harm. *See Almanza*, 686 S.W.2d at 171. In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury charge error is

egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

The application paragraph of the jury charge applies the pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations. *See Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012). "It is the application paragraph of the charge, not the abstract portion, that authorizes a conviction." *Yzaguirre v. State*, 394 S.W.3d 526, 530 (Tex. Crim. App. 2013) (*quoting Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012)). The application paragraph "explains to the jury, in concrete terms, how to apply the law to the facts of the case." *Id.* Accordingly, we look to the application paragraph to determine whether the jury was correctly instructed in order to resolve a harm analysis. *Id.* "Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious." *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999). With these principles in mind, we will proceed to conduct a harm analysis using the *Almanza* factors as far as possible. *See Dougherty v. State*, 188 S.W.3d 670, 2006 WL 475802, at *1 (Tex. Crim. App. 2006) (per curiam) (not designated for publication) (reversing appellate court that did not conduct analysis using all *Almanza* factors).

The first *Almanza* factor requires consideration of the entire jury charge. *See Almanza*, 686 S.W.2d at 171. The application paragraph of the jury charge properly tracked the allegations in the indictment, and Burns does not argue that the application

paragraph of the jury charge was erroneous in any way. Accordingly, the charge as a whole does not weigh in favor of egregious harm. *See Medina*, 7 S.W.3d at 640.

The second *Almanza* factor involves the state of the evidence, including the contested issues and weight of the probative evidence. *See Almanza*, 686 S.W.2d at 171. As analyzed above in Burns' sufficiency issue, we have already determined that the facts were sufficient for the jury to have convicted Burns of misapplication of fiduciary property. As such, the state of the evidence does not favor a finding of egregious harm.

The third *Almanza* factor involves the argument of counsel. *See Almanza*, 686 S.W.2d at 171. In the State's closing argument, the State briefly mentions that the extra definitions are in the charge but the rest of its argument regarding the charge discusses the elements set forth in the application paragraph. In his closing argument, Burns argued that he was not charged with theft but was charged with misapplication only. The argument of counsel does not favor a finding of egregious harm.

The final *Almanza* factor addresses any other relevant information revealed by the record of the trial as a whole. *See Almanza*, 686 S.W.2d at 171. We are not aware of "any other relevant information" that we should consider and Burns has not identified any information he argues is relevant to our analysis in his briefing to this Court.

Thus, in light of the *Almanza* factors, we are unable to conclude that Burns suffered egregious harm from the errors in the abstract section of the jury charge which included definitions that were not applicable to the offense of misapplication of fiduciary property. Accordingly, we overrule Burns' first issue.

*Ineffective Assistance of Counsel*

In his third issue, Burns complains that he received ineffective assistance of counsel because his attorney elicited evidence of four prior convictions for the offense of criminally negligent homicide that occurred in 1995, which he argues would not have been admissible pursuant to rule 609 of the Rules of Evidence. Specifically, Burns argues that because criminally negligent homicide is not a crime of moral turpitude and more than ten years had passed since the date of the offense, the convictions were not admissible.

The State correctly responds that criminally negligent homicide is a felony offense and therefore it does not matter that it is not a crime of moral turpitude pursuant to rule 609(a)(1). *See* TEX. R. EVID. 609(a)(1) (evidence of conviction must be admitted if "the crime was a felony or involved moral turpitude...."). Additionally, the State argues that the limitation on using evidence after ten years starts only after the later date of the conviction or release from confinement, and that there was no evidence of what date Burns was released from confinement. *See* TEX. R. EVID. 609(b). Because of this, the State argues that, under this record, Burns cannot show that trial counsel's conduct was deficient.

To prevail on an ineffective-assistance claim, Burns must prove (1) counsel's representation fell below the objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In

considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813. To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813-14.

When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Robinson v. State*, 16 S.W.3d 808, 813 n. 7 (Tex. Crim. App. 2000). In rare cases, however, the record can be sufficient to prove that counsel's performance was deficient, despite the absence of affirmative evidence of counsel's reasoning or strategy. *Id.*

Burns did not file a motion for new trial alleging ineffective assistance of counsel. Burns does not set forth and we have found nothing in the record regarding the date of Burns' conviction or subsequent release from confinement. The record before this Court is insufficient for us to be able to determine whether the trial court would have erred by admitting the evidence of the prior convictions pursuant to any of the limitations set forth in rule 609. Our inability to make this determination based on the record before us leads us to the conclusion that Burns has not shown that his trial counsel's alleged

Burns v. State                                                                 Page 9

ineffectiveness in introducing evidence of the convictions in question is firmly demonstrated in the record or was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392. We overrule issue three.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed August 27, 2015
Do not publish
[CR25]

